UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

TINA CRISTELLO,

Plaintiff

-against-

TENAGLIA & HUNT and JASON KIM,

Defendants

-----------------------------------------------------------x

COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## PRELIMINARY STATEMENT

1. The Plaintiff TINA CRISTELLO ("Plaintiff") brings this action based upon improper and violative debt collection practices utilized and otherwise invoked by the above-named Defendants. These collection practices are expressly prohibited by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Based upon Defendants' violations of the FDCPA, as set forth and alleged herein, Plaintiff is entitled to actual damages, statutory damages, attorneys fees, and costs, all pursuant to 15 U.S.C. § 1692k.

## PARTIES

3. Plaintiff is a natural person.

4. At all times relevant to this Complaint, Plaintiff was a citizen of, and otherwise resided in, Oakdale, New York.

5. Defendant Tenaglia & Hunt ("T&H") is a law firm focusing its practice on the collection of alleged consumer debt. Defendant T&E maintains a principal place of business located at 5 Penn Plaza, 19th Floor, New York, New York.

6. Defendant T&H collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

7. Defendant T&H is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

8. Defendant Jason Kim ("Kim") is an attorney admitted to practice law in the State of New York. Defendant Kim is employed by Defendant T&H.

9. Defendant Kim collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

10. Defendant Kim is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## JURISDICTION & VENUE

11. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

12. Venue is appropriate in this federal district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events giving rise to the claims of Plaintiff occurred within this federal judicial district.

## FACTS CONCERNING PLAINTIFF

13. Plaintiff is a victim of identity theft in that a person(s) unknown to Plaintiff opened a Citibank, N.A. credit card account in Plaintiff's name.

14. Citibank, N.A., claims that Plaintiff owes $12,289.04 for purchases made via use of the credit card fraudulently opened in Plaintiff's name.

15. The monetary obligation alleged to be owed by Plaintiff is a "debt" as that term is defined in the FDCPA, 15 U.S.C. § 1692a(5).

16. At a time unknown to Plaintiff, the alleged debt was referred by Citibank, N.A. to Defendant T&H for collection purposes.

17. In the attempt to collect the debt Defendants commenced formal legal action against Plaintiff in the District Court of the County of Suffolk, Fifth District at Ronkonkoma, index number CV-010414-24CE, seeking therein $12,289.04 from Plaintiff.

18. In defending against the baseless claim that she is indebted to Citibank, N.A., including appearing in court to defend herself against this baseless claim, Plaintiff has incurred out-of-pocket monetary expenses thus she has suffered injury-in-fact necessary to constitute Article III standing.

19. The Plaintiff does not owe any money to Citibank, N.A as alleged by Defendants.

20. Despite answering whatever questions were posed to her and to the undersigned attorney concerning the factors which support her claim of identity theft, Defendants refuse to cease and desist from collecting the alleged debt referenced herein.

21. The Second Circuit Court of Appeals has held that a debt collector may be liable under the FDCPA for attempting to collect a debt which is not owed by contract or by law. *Vangordon v. Second Round, L.P.*, 897 F.3d 433, 436-37 (2d Cir. 2017) (finding that attempts to collect a debt which is not owed pursuant to law or contract is a false

representation of "the character, amount, or legal status" of a debt in violation of § 1692e(2), a false collection act in violation of § 1692e(10) and a violation of § 1692f(1) by attempting to collect a debt amount not "expressly authorized by the agreement creating the debt or permitted by law"). *See also Arias v. Gutman, Mintz, Baker & Sonnenfeldt LLP,* 875 F.3d 128, 135 (2d Cir. 2017)(identifying "collection of an invalid debt" as one of § 1692f's "list of unfair practices").

22. The Second Circuit in *Vangordon* further recognized that the FDCPA is "a strict liability statute" thus there is no need for a plaintiff to prove that a debt collector's misrepresentation of a debt obligation was intentional.

## **FIRST CAUSE OF ACTION**

## **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Defendants violated the FDCPA. The Defendants' violations include, but are not limited to, the following:

Defendants violated 15 U.S.C. § 1692e by using false, deceptive and misleading debt collection means during attempts to collect alleged consumer debts.

Defendants violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, and legal status of a debt.

Defendants violated 15 U.S.C. § 1692e(10) by committing a false collection act.

Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect a debt amount not expressly authorized by an agreement creating the debt or permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of the Plaintiff as follows:

(i) Actual damages in an amount to be determined at the time of trial pursuant to 15 U.S.C. § 1692k(a)(1);

(ii) The maximum statutory damages allowed pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(iii) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(B)(3); and

(iv) For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiff demands that this case be tried before a Jury.

DATED: New York, New York
June 25, 2026

ROBERT L. ARLEO, ESQ. P.C.

By: *__/ s / Robert L. Arleo__*

ROBERT L. ARLEO, ESQ.
1345 Avenue of the Americas,
2nd Floor
New York, New York 10168
PHONE (212) 551-1115
FAX: (518) 751-1801
Email: robertarleo@gmail.com
Attorney for Plaintiff